UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOXANDER JIMENEZ,

      Petitioner,

    v.

ICE / U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,,
ACTING SECRETARY
MARKWAYNE MULLIN, ACTING
DIRECTOR TODD M. LYONS,
ACTING US ATTY GEN TODD
BLANCHE, WARDEN, GLADES
COUNTY DETENTION CENTER,

      Respondents,

_____/

Case No. 2:26-cv-02002-KCD-NPM

## **ORDER**

Petitioner Yoxander Jimenez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and moved for a temporary restraining order (Doc. 2).[1] He seeks an immediate order "enjoining Respondents from transferring [him] outside the territorial jurisdiction of this Court." (*Id.* at 2.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted;

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Jimenez is asking this Court to stay his removal from the United States, the request is denied. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Jimenez—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271

2

(11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, to the extent Jimenez's TRO seeks to enjoin his removal from the United States, it must be denied. *See, e.g.*, *Torres- Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a  decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

To the extent Jimenez is seeking to only prohibit his transfer outside the Middle District of Florida, the answer is similarly no. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025).

3

But even if there was jurisdiction, the request still falls short because Jimenez has not shown an "irreparable injury [that is] neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). He maintains that "[a] transfer would be catastrophic to this litigation" because "[i]t would strip this Court of habeas jurisdiction over Petitioner's custodian and render this habeas petition moot before this Court can reach its merits." (Doc. 2 at 2.) That is simply wrong.

"[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Jimenez's transfer to somewhere besides the Middle District of Florida is superfluous. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

For these reasons, Jimenez's Emergency Motions for Temporary Restraining Order (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits.

**ORDERED** in Fort Myers, Florida on June 15, 2026.

Kyle C. Dudek
United States District Judge

4